UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MILTON DAVID PLUMMER, | Case No. 3:20-cv-00257-RCJ-WGC |
| Petitioner, | |
| v. | ORDER |
| WARDEN, *et al.*, | |
| Respondents. | |

Petitioner Milton David Plummer has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) This habeas matter comes before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court dismisses the petition with prejudice for failure to state a cognizable habeas claim.

## **BACKGROUND**

Plummer's petition involves a 2002 conviction and sentence imposed by the Second Judicial District Court for Washoe County ("state court"). *State v. Plummer*, Case No. CR01-2427.[2] Plummer entered a guilty plea to one count of robbery with the use of a firearm and one count of burglary with use of a deadly weapon. A judgment of conviction was entered August 23, 2002. The Nevada Supreme Court affirmed the conviction on direct appeal, and later affirmed the denial of post-conviction relief. *Plummer v. State*, Case Nos. 40170, 40185, 44619, 44621.

In June 2019, Plummer filed a motion in state court requesting modification of his sentence. He argued his sentence was illegal because it includes minimum parole eligibility and precludes

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts, which may be accessed by the online at: https://www.washoecourts.com/Query/DetailedCaseSearch and http://caseinfo.nvsupremecourt.us/public/caseSearch.do. Additionally, the Court takes judicial notice of the prior habeas petition Plummer filed in the District of Nevada challenging the same judgment of conviction: 3:05-cv-00610-HDM-RAM. The petition was dismissed with prejudice, the Court of Appeals for the Ninth Circuit affirmed the decision, and the Supreme Court denied a writ of certiorari.

him from receiving credits towards early release. (ECF No. 1-1 at 18–19.) The state court denied the motion on state law grounds. (*Id.* at 18–20.) The Nevada Court of Appeals affirmed the denial of relief. *Plummer v. State*, Case Nos. 79664-COA, 79665-COA. (*Id.* at 25–26.)

Plummer filed the federal habeas petition initiating this case in April 2020. (ECF No. 1-1.) The petition asserts two due process violations under the Fifth and Fourteenth Amendments based on an "illegal sentence." Plummer claims he was not charged with an offense punishable under the Nevada "statute for which he was sentenced." (*Id.* at 5.) He argues he was illegally sentenced because his sentence includes minimum parole eligibility, therefore precluding him from receiving credits to make him eligible for early release.

## **DISCUSSION**

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See also Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Plummer's current petition fails to allege a cognizable federal habeas claim. The Antiterrorism and Effective Death Penalty Act ("AEDPA") "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *McGuire*, 502 U.S. at 67–68 (federal courts may not reexamine state court decisions on state law issues). A petitioner "may not transform a state-

law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997). Generally, matters relating to state sentencing are not cognizable on federal habeas review. *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) (state court's misapplication of state sentencing laws does not violate due process thereby justifying federal habeas relief unless petitioner can show "fundamental unfairness"); *Miller v. Vasquez*, 868 F.2d 1116, 1118–19 (9th Cir. 1989) (question of whether a prior conviction qualifies for sentence enhancement under California law is not cognizable federal habeas claim).

Plummer's petition is subject to dismissal based on multiple substantial defects. First, although he mentions his due process rights under the Fifth and Fourteenth Amendments, his claims present no federal question as they plainly hinge on the application or interpretation of state sentencing law. *See Swarthout v. Cooke*, 562 U.S. 216, 220–22 (2011) (noting that the Supreme Court has "long recognized that a mere error of state law is not a denial of due process"). The Nevada courts rejected his arguments on state law grounds. Because Plummer's claims present questions of state law, they are not cognizable in federal habeas corpus proceedings.

Second, the petition improperly challenges the Nevada courts' decisions denying modification his sentence. Federal district courts do not have appellate jurisdiction over any state court or state supreme court, whether by direct appeal, writ of mandamus, or otherwise. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). Generally, the *Rooker-Feldman* doctrine prevents "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009) (citation omitted). The *Rooker-Feldman* doctrine prevents Plummer from obtaining the relief he seeks from this Court—an order from a federal district court functionally overturning the Nevada courts' decisions denying modification his sentence.

Third, Plummer's claims are not cognizable because success on the merits of the claims "would not necessarily lead to immediate or speedier release." *Nettles v. Grounds*, 830 F.3d 922, 934–935 (9th Cir. 2016). Habeas relief is not available for "probabilistic claims," *i.e.*, where success on the claims "*could potentially* affect the duration of confinement" or is "*likely* to

accelerate the prisoner's eligibility for parole." *Id.* at 933–34 (quotation omitted). Here, if Plummer were to succeed on his claims, it would only mean an earlier parole hearing. But an earlier parole hearing will not necessarily lead to the petitioner's immediate or speedier release, because the parole board has the authority and discretion to grant or deny parole. *Wydeven v. Warden, Lovelock Corr. Ctr.*, 238 P.3d 867 (Nev. 2008) (citing NRS 213.1099(2) ("The decision of whether or not to grant parole lies within the discretion of the parole board and the creation of standards does not restrict the Parole Board's discretion to grant or deny parole.")). Because success on Plummer's claims would not necessarily lead to his immediate or speedier release, they do not fall in the "core" of habeas and must be brought, if at all, in a civil rights complaint under 42 U.S.C. § 1983. *See, e.g.*, *Gordon v. Premo*, 757 Fed. App'x 627, 628 (9th Cir. 2019).[3]

Additionally, the Court declines to recharacterize the petition as a § 1983 complaint. When a habeas petition is amenable to conversion on its face, federal courts may construe the petition to plead causes of action under § 1983. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971); *Nettles*, 830 F.3d. at 935–36. However, habeas actions and § 1983 prisoner civil rights cases "differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Id.* at 935–36 (quotation omitted); *see also United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000) (holding that a court should not recharacterize a prisoner's pro se filing as a federal habeas petition when doing so may be to the prisoner's disadvantage). In this case, the petition is not amenable to conversion on its face because it is not clear that Plummer has named the proper defendant or whether recharacterization would disadvantage Plummer.

///

///

---

[3] The Court has not completed a review of other potential issues that may arise if Plummer files a § 1983 complaint. This order does not explicitly or implicitly find that a § 1983 complaint would be free of deficiencies, procedural or otherwise. In addition, the Court expresses no opinion regarding the exhaustion of administrative remedies, which is a prerequisite to filing a complaint presenting constitutional claims to the federal courts. 42 U.S.C. § 1997e (Prison Litigation Reform Act or "PLRA"); *Nettles*, 830 F.3d at 932.

4

**IT IS THEREFORE ORDERED:**

1. Petitioner Milton David Plummer's Petition for Writ of Habeas Corpus (ECF No. 1-1) is DISMISSED WITH PREJUDICE as non-cognizable.
2. Plummer is denied a certificate of appealability, as jurists of reason would not find the dismissal of the petition to be debatable or wrong.
3. Plummer's Motion for Copy of Petition (ECF No. 4) is DENIED as moot.
4. The Clerk of Court is directed to detach and file the Petition (ECF No. 1-1).
5. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk will make informal electronic service upon Respondents by adding Nevada Attorney General Aaron D. Ford as counsel for Respondents and directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.
6. The Clerk of Court is further instructed to enter final judgment accordingly, dismissing this action with prejudice, and close this case.

DATED this 24th day of February, 2021.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE